United States District Court
Southern District of Texas
**ENTERED**
February 02, 2018
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JIMMY S. SCHMIDT, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | CIVIL ACTION NO. H-17-0532 |
| | § | |
| JP MORGAN CHASE BANK, N.A., | § | |
| JPMORGAN CHASE & CO., and | § | |
| CHASE BANK CARD SERVICES, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM AND RECOMMENDATION

Pending and referred to the Magistrate Judge is Defendants' Motion to Dismiss (Document No. 8), in which Defendants seek dismissal of all of Plaintiff's claims for failure to state a claim. Having considered the motion, the response, the reply, the allegations in Plaintiff's live pleading, and the applicable law, the Magistrate Judge RECOMMENDS, for the reasons set forth below, that Defendants' Motion to Dismiss (Document No. 8) be GRANTED in PART and DENIED in PART.

### I.    Background

This case is essentially based on the fraud/embezzlement committed by Plaintiff Jimmy Schmidt's employee, Shauna Rhodes. According to Schmidt, Shauna Rhodes opened credit cards in his name, used those credit cards for her own personal use, and paid those credit card bills with funds from Schmidt's business' operating account and/or through advances from Schmidt's line of credit. In three main claims – for money had and received, for aiding and abetting a breach of fiduciary duty, and for negligence – Schmidt blames Defendants JPMorgan Chase Bank, N.A., JP Morgan Chase & Co. and Chase Bank Card Services (hereafter referred to as "Chase Defendants")

for this and the amounts he lost as a result of Shauna Rhodes' conduct.

The Chase Defendants timely removed the case to this Court on the basis of diversity jurisdiction and promptly filed a Motion to Dismiss (Document No. 8). In that motion, the Chase Defendants argue that Schmidt has not and cannot state a claim against them for money had and received or for aiding and abetting a breach of fiduciary duty. As for the negligence claim, the Chase Defendants merely posit that Schmidt has not alleged sufficient facts to support the elements of a negligence claim. Finally, the Chase Defendants argue that Schmidt cannot maintain claims for exemplary/punitive damages or for declaratory relief where there is no viable, underlying substantive claim.

## II.  Standard of Review

Rule 12(b)(6) provides for dismissal of an action for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is said to be plausible if the complaint contains "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S.Ct. at 1949. Plausibility will not be found where the claim alleged in the complaint is based solely on legal conclusions, or a "formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555. Nor will plausibility be found where the complaint "pleads facts that are merely consistent with a defendant's liability" or where the complaint is made up of "'naked assertions devoid of further factual enhancement.'" *Iqbal*, 129 S.Ct.

at 1949 (quoting *Twombly*, 550 U.S. at 557)). Plausibility, not sheer possibility or even conceivability, is required to survive a Rule 12(b)(6) motion to dismiss. *Twombly*, 550 U.S. at 556-557; *Iqbal*, 129 S.Ct. at 1950-1951.

In considering a Rule 12(b)(6) motion to dismiss, all well pleaded facts are to be taken as true, and viewed in the light most favorable to the plaintiff. *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974). But, as it is only *facts* that must be taken as true, the court may "begin by identifying the pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, at 1950. It is only then that the court can view the well pleaded *facts*, "assume their veracity and [ ] determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, at 1950.

### III. Discussion

Schmidt's live pleading is the petition he filed in state court prior to removal. When state court pleadings are challenged in federal court following removal with a Rule 12(b)(6) motion to dismiss, the general practice is to allow an amendment prior to dismissing the claims for failure to state a claim. *See Great Plains Tr. Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002) ("district courts often afford plaintiffs at least one opportunity to cure pleading deficiencies before dismissing a case, unless it is clear that the defects are incurable or the plaintiffs advise the court that they are unwilling or unable to amend in a manner that will avoid dismissal."). Here, for the reasons that follow, that general practice should be followed as it relates to Schmidt's negligence, aiding and abetting the breach of a fiduciary duty, and declaratory judgment claims. As for Schmidt's claim for money had and received, however, there is no conceivable basis or

3

allegations upon which a plausible claim for money had and received could be alleged.

### A. Money Had and Received Claim

In support of his claim for "money had and received" Schmidt has alleged:

> Defendants obtained money from Plaintiff's operating account that in equity and good conscience belongs to Plaintiff. Specifically, Defendants obtained payments for the Southwest Card and the Chase Card for charges made by Rhodes, not Plaintiff. Plaintiff did not authorize Rhodes to open up these accounts in his name and had no knowledge of these accounts. As such, Plaintiff was never liable for these charges. Plaintiff is entitled to a return of his money that is in Defendants' possession.

State Court Petition (Document No. 1-3) at 5. A claim for money had and received is an equitable claim that "may be maintained to prevent unjust enrichment when the defendant obtains money, which in equity and good conscience belongs to the plaintiff." *Spellmann v. Love*, ___ S.W.3d ___, No. 13-16-00011-CV, 2017 WL 3431801, at *5 (Tex. App. – Corpus Christi-Edinburg, Aug. 10, 2017), *reh'g denied* (Sept. 18, 2017), *pet. for review filed* (Nov. 2, 2017). "To recover on a claim for money had and received, a plaintiff must show that the defendant holds money that in equity and good conscience belongs to him. Such cause of action is not based on wrongdoing, but, instead, 'looks only to the justice of the case and inquires whether the defendant has received money which rightly belongs to another.'" *XTO Energy Inc. v. Goodwin*, ___ S.W.3d ___, No. 12-16-00068-CV, 2017 WL 4675136, at *11 (Tex. App. – Tyler, Oct. 18, 2017) (internal citation omitted), *pet. for review filed* (Jan. 16, 2018). Where there is an express agreement that governs the parties' conduct, equitable claims, including those for money had and received, cannot be maintained. *Prime Income Asset Management, Inc. v. One Dallas Centre Assoc.*, 358 F.'App'x 569, 572 (5th Cir. 2009); *Tex. Star Motors, Inc. v. Regal Finance Co., Ltd.*, 401 S.W.3d 190, 202 (Tex. App.–Houston [14[th] Dist.] 2012) ("The existence of an express contract forecloses equitable relief under a 'money had and

4

received' theory.").

Here, Schmidt complains about the money taken from his operating account and his line of credit to pay credit card bills that he neither incurred nor authorized. That operating account and Schmidt's corresponding line of credit are governed by a Deposit Account Agreement (Document No. 8-1). The existence of that express, written agreement, which governed the account from which Defendants had and received Schmidt's money, forecloses Schmidt's equitable claim for money had and received. *Prime Income Asset Management, Inc. v. One Dallas Centre Assoc.*, 358 F.App'x 569, 572 (5th Cir. 2009); *Tex. Star Motors, Inc. v. Regal Finance Co., Ltd.*, 401 S.W.3d 190, 202 (Tex. App.–Houston [14th Dist.] 2012).

Schmidt argues in response to Defendants' Motion to Dismiss that his claim for money had and received is based on Defendants' opening of credit card accounts in his name without his authorization, and that Defendants obtained payments from sources other than his operating account. Those arguments ignore the allegations in Schmidt's pleading that the money Defendants "had" and "received" came from his operating account. Schmidt additionally argues that the Court should not consider the Deposit Account Agreement when determining whether he has stated a plausible money had and received claim. But, in ruling on a Rule 12(b)(6) motion to dismiss, the Court may properly consider "any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint." *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010). Here, while the Deposit Account Agreement was not referenced in Schmidt's petition, the operating account, which was governed by the Deposit Account Agreement, was. The existence of the Deposit Account Agreement can therefore be considered, and it forecloses Schmidt's money had and received claim. That claim should be dismissed for failure to state a claim.

**B.     Aiding and Abetting a Breach of Fiduciary Duty Claim**

In support of his breach of fiduciary claim, which is premised on Defendants' "participation" in a breach of fiduciary duty, Schmidt alleges in his state court pleading:

> Defendants knowingly participated in a breach of fiduciary duty owned by Rhodes, as Plaintiff's employee, to Plaintiff. Specifically, Defendants allowed Rhodes to open up the Chase Card and the Southwest Card without obtaining proof of any authorization by Plaintiff. Further, Defendants allowed Rhodes to obtain a cashier's check drawn on Plaintiff's operating account, which she used to pay her homeowners' association dues. As such, Defendants are jointly liable for Rhodes['] breaches of fiduciary duty to Plaintiff.

State Court Petition (Document No. 1-3) at 5. Because Schmidt alleges that Defendants "participated" in Shauna Rhodes' breach of fiduciary duty, Schmidt's claim is properly characterized as one for aiding and abetting a breach of fiduciary duty.

"Under Texas law, 'where a third party knowingly participates in the breach of duty of a fiduciary, such third party becomes a joint tortfeasor with the fiduciary and is liable as such.' *Kinzbach Tool Co. v. Corbett–Wallace Corp.*, 138 Tex. 565, 160 S.W.2d 509, 514 (1942). To establish a claim for knowing participation in a breach of fiduciary duty, a plaintiff must assert: (1) the existence of a fiduciary relationship; (2) that the third party knew of the fiduciary relationship; and (3) that the third party was aware that it was participating in the breach of that fiduciary relationship." *Meadows v. Hartford Life Ins. Co.*, 492 F.3d 634, 639 (5th Cir. 2007).

Here, Schmidt alleges, in a conclusory fashion, that Defendants "knowingly participated" in Rhodes' breach of fiduciary duty, and that they "allowed" Rhodes to open credit card accounts in Schmidt's name without his authorization, and "allowed" Rhodes to obtain a cashier's check from Schmidt's account. While Schmidt does not allege that Defendants knew Rhodes was acting without Schmidt's authorization, and does not allege that Defendants were aware of Rhodes' fiduciary duty

to Schmidt and her breach of that duty, Schmidt could arguably do so if there are facts that would support such allegations. On this record, therefore, Schmidt should be allowed an opportunity to include such allegations in an amended pleading that conforms with the requirements of FED. R. CIV. P. 11(b) in an attempt to state a plausible claim for aiding and abetting a breach of fiduciary duty.

### C. Negligence Claim

In support of his negligence claim, Schmidt alleges in his state court pleading:

> In addition or pleading in the alternative, Defendants had a duty to use reasonable skill and care in the performance of its duties as a financial institution. Defendants' actions breached its duty to use reasonable skill and care in the performance of its duties. Defendants' negligence caused a substantial financial loss to Plaintiff.

State Court Petition (Document No. 1-3) at 5-6. Defendants do not argue that Schmidt *cannot* state a claim for negligence, but that he *has not* stated a claim for negligence because there are no facts that would give rise to a duty as between Defendants and Schmidt and no facts alleging "how the alleged duty was breached and how that breach was a proximate cause of his harm." This is a fair assessment of Schmidt's allegations.

A negligence claim has three elements: (1) a duty of care owed by the defendant to the plaintiff; (2) a breach of that duty of care by the defendant; and (3) damages proximately caused by that breach. *Crompton Greaves, Ltd. v. Shippers Stevedoring Co.*, 776 F.Supp.2d 375, 388 (S.D. Tex. 2011) (citing *IHS Cedars Treatment Ctr. v. Mason*, 143 S.W.3d 794, 798 (Tex. 2004)). As argued by Defendants, Schmidt has not alleged facts that would support these elements of a negligence claim. But, just because Schmidt has not included such allegations in his pleading does not mean that he cannot do so. *See generally Mattly v. Spiegel, Inc.*, 19 S.W.3d 890, 900 (Tex. App.–Houston [14th Dist.] 2000) (noting that "there is no Texas case law holding that a card issuer

does, or does not have, a duty to review the cardholder's credit history prior to issuing a credit card," and concluding that a negligence claim against a credit card issuer may "be allowed as an extension of existing law or as the establishment of new law."). Schmidt should, therefore, be given an opportunity to amend his pleading to allege facts that could support a plausible negligence claim.

### D. Exemplary Damages/Declaratory Judgment Claims

Given the determinations made herein that Schmidt should be given an opportunity to amend his pleading with respect to his claims for aiding and abetting a breach of fiduciary duty and/or negligence, Defendants' arguments for dismissal of Schmidt's claims for exemplary/punitive are essentially moot.

### IV. Conclusion and Recommendation

Based on the foregoing, and the conclusion that Plaintiff Jimmy Schmidt has not, but may be able to state, a claim against Defendants for aiding and abetting a breach of fiduciary duty and for negligence, but that Schmidt has not and cannot state a plausible claim for money had and received, the Magistrate Judge

RECOMMENDS that Defendants' Motion to Dismiss (Document No. 8) be GRANTED as to Plaintiff's claim for money had and received, and DENIED without prejudice as to Plaintiff's claims for aiding and abetting a breach of fiduciary duty and for negligence, for which Plaintiff should be allowed to file an amended pleading.

The Clerk shall file this instrument and provide a copy to all counsel and unrepresented parties of record. Within fourteen (14) days after being served with a copy, any party may file written objections pursuant to 28 U.S.C. § 636(b)(1)(C), FED. R. CIV. P. 72(b), and General Order

80-5, S.D. Texas. Failure to file objections within such period shall bar an aggrieved party from attacking factual findings on appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Ware v. King*, 694 F.2d 89 (5th Cir. 1982), *cert. denied*, 461 U.S. 930 (1983); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982) (en banc). Moreover, absent plain error, failure to file objections within the fourteen day period bars an aggrieved party from attacking conclusions of law on appeal. *Douglass v. United Services Automobile Association,* 79 F.3d 1415, 1429 (5th Cir. 1996). The original of any written objections shall be filed with the United States District Clerk.

Signed at Houston, Texas, this 1st day of February, 2018.

FRANCES H. STACY
UNITED STATES MAGISTRATE JUDGE